IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY
PENNSYLVANIA

MONTY ALLEN SNAIR and JAMIE L.
SNAIR,

          Plaintiffs,

   vs.

SPEEDWAY LLC,

          Defendant.

CIVIL DIVISION

Docket No. : 1032-2018

COMPLAINT IN CIVIL ACTION

Filed on behalf of Plaintiffs:
Monty Allen Snair and Jamie L. Snair

Counsel of Record for this Party:
Richard G. Talarico, Esquire
PA I.D. # 93449

Woomer & Talarico, LLC
2945 Banksville Road, Suite 200
Pittsburgh, PA 15216-2749
Tele # (412) 388-0848
Fax # (412) 388-0946

**JURY TRIAL DEMANDED**



IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY
PENNSYLVANIA

MONTY ALLEN SNAIR and JAMIE L.　　CIVIL DIVISION
SNAIR,

　　　　　　　　　　　　　　　　　　　Docket No. :

　　　　　　　Plaintiffs,

vs.

SPEEDWAY LLC,

　　　　　　　Defendant.

## NOTICE TO DEFEND

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**Northwestern Legal Services**
**1243 Liberty Street, Suite 420**
**Franklin, PA  16323**
**(814) 437-3028**

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY
PENNSYLVANIA

MONTY ALLEN SNAIR and JAMIE L.
SNAIR,

        Plaintiffs,

      vs.

SPEEDWAY LLC,

        Defendant.

CIVIL DIVISION

Docket No. :

## **COMPLAINT IN CIVIL ACTION**

Plaintiffs, MONTY ALLEN SNAIR and JAMIE L. SNAIR, by and through their attorneys,

Richard G. Talarico, Esquire, and Woomer & Talarico, LLC, complain and allege as follows:

1.    Monty Allen Snair (hereinafter "Plaintiff") and Jamie L. Snair (hereinafter "Plaintiff-

Wife") are adult individuals residing at 115 Orveta Street, Punxsutawney, Jefferson County,

Pennsylvania 15767.

2.    At all times relevant and material hereto, Plaintiff and Plaintiff-Wife resided together

as husband and wife.

3.    Speedway LLC (hereinafter "Defendant") is a foreign limited liability company with

a registered address located c/o CT Corporation System, 4400 Easton Commons Way, Suite 125,

Columbus, Ohio 43219 that regularly conducts business at Speedway # 2921 located at 5742 State

Route 8, Barkeyville, Venango County, Pennsylvania 16038 (hereinafter "the premises").

4.    At all times relevant and material hereto, the Defendant leased, owned, operated,

possessed, controlled, managed and/or maintained the premises.

5.    At all times relevant and material hereto, the Defendant had a duty, or an implied duty, to inspect, maintain, repair, control, supervise and oversee the premises and to warn of and correct the dangerous conditions.

6.    At all times relevant and material hereto, the Defendant acted by and through its agents, servants, employees, representatives, assignees, subsidiaries, predecessors and successors in interest.

7.    On or about December 13, 2016, the Plaintiff was lawfully on the aforementioned premises for a business purpose.

8.    At all times relevant and material hereto, there existed a dangerous, defective, hazardous and unsafe condition on the premises of the Defendant, characterized by snow and ice.

9.    Plaintiff was caused to trip, slip and/or otherwise lose his balance and fall as a result of coming into contact with the aforementioned defective condition that existed on the premises.

10.    At all times relevant and material hereto, Defendant knew or should have known of the dangerous, hazardous, unsafe and defective condition.

11.    At all times relevant and material hereto, Defendant failed to take any steps to eliminate the hazard, reduce its danger to invitees, or otherwise warn users, including the Plaintiff, of its dangerous, hazardous, unsafe and defective condition.

12.    As a direct and proximate result of the aforementioned accident, Plaintiff sustained the following injuries, some or all of which are or may be permanent:

        a.    Spinal stenosis of lumbar region;

        b.    1st grade anterolisthesis of L5 on L6 (S1);

    c.     Anterior "wedge-like" compression of L1 body;

    d.     Narrowing of L1-L2 interspace along with anterior osteophyte formation of that segment, and narrowing of L4 through L6 (S1);

    e.     Asymmetric disc bulge at L4-L5;

    f.     Cervical stenosis;

    g.     Cervical radiculopathy;

    h.     Circumferential disc bulge at C3-C4;

    i.     Focal central disc protrusion superimposed upon a disc bulge with posterior endplate osteophyte formation and bilateral uncovertebral arthropathy;

    j.     Lumbar, sacrum, and coccyx pain;

    k.     Sciatica;

    l.     Lumbar radiculopathy;

    m.    Cervicalgia;

    n.     Headaches;

    o.     Aggravation of thoracic spine injury/disease;

    p.     Aggravation of lumbar spine injury/disease;

    q.     Aggravation of cervical adjacent segment degenerative disease;

    r.     Bruises, contusions and other injuries in or about nerves, muscles, bones, tendons, ligaments, tissues and vessels of the body; and

    s.     Nervousness, emotional tension, anxiety and depression.

13.   As a direct and proximate result of the aforementioned accident, Plaintiff sustained the following damages, some or all of which are or may be permanent or on-going:

    a.     He underwent an anterior cervical discectomy and fusion of C5-C6 with fibular allograft and K2M anterior cervical plate;

b.   He underwent a lumbar decompression at L3-L4, L4-L5, lumbar fusion of L4-L5 with local bone, bone bank, bone marrow aspirate, K2M instrumentation;

c.   He underwent extensive and painful physical therapy;

d.   He underwent a CT-guided injection at C5-C6;

e.   He has endured, and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, monetary expenditures for the care of his injury, and emotional and psychological trauma;

f.   He has been, and will be required to, expend large sums of money for medical treatment and care, medical supplies, rehabilitation and therapeutic treatment, medicines and other attendant services;

g.   His general health, strength and vitality have been impaired;

h.   He may have to face at least one, and possibly numerous, additional surgeries;

i.   He has sustained and will continue to sustain lost earnings and his earning capacity has been and may be permanently impaired; and,

j.   He has been and will in the future be unable to enjoy various pleasures of life that he previously enjoyed.

## COUNT I
### *Plaintiff v. Defendant*
### Negligence

14.   Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth fully herein.

15.   Plaintiff's injuries and damages were a direct and proximate result of Defendant's negligence in the following particulars:

a.   Causing and permitting the dangerous, hazardous, unsafe and defective condition to exist on the premises for an unreasonable period of time;

b.   In providing a premises that was unsafe for use;

c.   In designing, constructing, and maintaining the premises in such a manner that invitees were at risk of injury;

d.   In failing to warn users, including the Plaintiff, regarding the dangerous, hazardous, unsafe and defective condition of the premises;

e.   In failing to altogether eliminate the dangerous, hazardous, unsafe and defective condition from the premises;

f.   In failing to cordon off the dangerous condition or otherwise prevent invitees of the premises from traversing through the dangerous, hazardous, unsafe and defective condition;

g.   In negligently designing, constructing, maintaining and operating the premises such that Plaintiff was caused to fall;

h.   In failing to timely, properly, or regularly inspect the premises for defects; and,

i.   In failing to remove, repair or cordon off the unsafe condition on the premises.

WHEREFORE, Plaintiff requests judgment for damages against Defendant in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT II
### *Plaintiff-Wife v. Defendant*
### Loss of Consortium

16.   Plaintiff-Wife hereby incorporates by reference all preceding paragraphs as if set forth fully herein. `

17.   As a direct and proximate result of Defendant's negligence, Plaintiff-Wife has sustained the following damages:

a)   She has been and will continue to be required to expend large sums of money for her husband's medical care, medical supplies, medicine and attendant services;

b) She has been and will continue to be deprived of the services, assistance, companionship and society of her husband.

WHEREFORE, Plaintiff-Wife requests judgment for damages against Defendant in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

**A JURY TRIAL IS DEMANDED.**

Woomer & Talarico, LLC

Richard G. Talarico, Esquire
PA I.D. # 93449
Counsel for Plaintiffs

Woomer & Talarico, LLC
2945 Banksville Road, Suite 200
Pittsburgh, PA 15216-2749
Tele # (412) 388-0848

## VERIFICATION

We, Monty Allen Snair and Jamie L. Snair, being duly sworn according to law, depose and say that the facts contained in the foregoing *Complaint in Civil Action* are true and correct to the best of our knowledge, information and belief.  We understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

x _____
Monty Allen Snair

x _____
Jamie L. Snair

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY,
PENNSYLVANIA

MONTY ALLEN SNAIR and JAMIE L.
SNAIR,

     Plaintiff.

     vs.

SPEEDWAY LLC,

     Defendant.

CIVIL DIVISION

Docket No.:

## CERTIFICATE OF COMPLIANCE

I certify that the within *Complaint in Civil Action* complies with the provisions of the

*Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the*

*Appellate and Trial Courts* that require filing confidential information and documents differently

than non-confidential information and documents.

Submitted by:

Woomer & Talarico LLC

Richard G. Talarico
Attorney for Plaintiff
PA I.D. #93449

2945 Banksville Road, Suite 200
Pittsburgh, PA 15216