IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONTY ALLEN SNAIR and<br>JAMIE L. SNAIR, | : | CIVIL DIVISION |
| | : | |
| Plaintiffs, | : | Civil Action No.:  1:18-cv-00333 |
| | : | |
| v. | : | |
| | : | *Electronically Filed* |
| SPEEDWAY LLC, | : | |
| | : | |
| Defendant. | | |

## ANSWER AND AFFIRMATIVE DEFENSES

AND NOW, comes Defendant, Speedway LLC, by and through its counsel, Rebecca Sember Izsak, Esquire and Thomas, Thomas & Hafer LLP, and files the within Answer and Affirmative Defenses to Plaintiffs' Complaint as follows:

1. After reasonable investigation, Speedway LLC is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 1 of Plaintiffs' Complaint; therefore, said allegations are deemed denied and strict proof thereof is demanded at trial.

2. After reasonable investigation, Speedway LLC is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 2 of Plaintiffs' Complaint; therefore, said allegations are deemed denied and strict proof thereof is demanded at trial.

3. Paragraph 3 of Plaintiffs' Complaint is admitted to the extent that Defendant, Speedway LLC is a foreign limited liability company with a registered office address located at c/o CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219 and operates the location at 5742 State Route 8, Barkeyville, Venango County, Pennsylvania 16038.

*2775962.1*

4. Paragraph 4 of Plaintiffs' Complaint is admitted to the extent it asserts Speedway LLC owns, operates, manages, and maintains the premises located at 5742 State Route 8, Barkeyville, Venango County, Pennsylvania 16038. By way of further answer, to the extent Paragraph 4 of Plaintiffs' Complaint asserts conclusions of law, no responsive pleading is required. To the extent a responsive pleading may be deemed required, said conclusions of law are denied and strict proof thereof is demanded at trial.

5. Paragraph 5 of Plaintiffs' Complaint is a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading may be deemed required, said conclusions of law are denied and strict proof thereof is demanded at trial. By way of further answer, to the extent Paragraph 5 of Plaintiffs' Complaint attempts to assert or imply any factual allegations that there existed a dangerous condition of the store and/or that Speedway LLC failed to inspect, maintain, repair, control, supervise or oversee the premises or warn of any alleged dangerous condition, said factual allegations are denied.

6. In response to Paragraph 6 of Plaintiffs' Complaint, Speedway LLC is a limited liability corporation and generally admits that it must act through its employees and managers in order to conduct business operations. However, by way of further answer, as Plaintiff has failed to allege the identity of any individual who may have been operating as an agent, servant, employee, representatives, assignees and/or subsidiaries of Speedway LLC, after reasonable investigation, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment; therefore, same is deemed denied and strict proof thereof is demanded at trial. By way of further answer, to the extent Paragraph 6 of Plaintiffs' Complaint asserts conclusions of law, no responsive pleading is required. To the extent a responsive

pleading may be deemed required, said conclusions of law are denied and strict proof thereof is demanded at trial.

    7.    After reasonable investigation, Speedway LLC is without knowledge or information sufficient to form a belief as to the truth of the factual averments contained in Paragraph 7 of Plaintiffs' Complaint; therefore, same are deemed denied and strict proof thereof is demanded at trial. To the extent Paragraph 7 of Plaintiffs' Complaint asserts conclusions of law, no responsive pleading is required. To the extent a responsive pleading may be deemed required, said conclusions of law are denied and strict proof thereof is demanded at trial.

    8.    Any and all factual averments of a dangerous, defective, hazardous and unsafe condition, specifically "snow and ice" as contained in Paragraph 8 of Plaintiffs' Complaint are denied. By way of further answer, to the extent Paragraph 8 of Plaintiffs' Complaint contains conclusions of law, no responsive pleading is required. To the extent a responsive pleading may be deemed required, said conclusions of law are denied and strict proof thereof is demanded at trial.

    9.    Any and all direct or implied factual averments of a dangerous, defective, hazardous and unsafe condition, specifically "snow and ice" as contained in Paragraph 9 of Plaintiffs' Complaint are denied. By way of further response, after reasonable investigation, Speedway LLC is without knowledge or information sufficient to form a belief as to the truth of the factual averments contained in Paragraph 9 regarding Plaintiffs' conduct; therefore, said averments are deemed to be denied and strict proof thereof is demanded. By way of further answer, to the extent Paragraph 9 of Plaintiffs' Complaint asserts conclusions of law, no responsive pleading is required. To the extent a responsive pleading may be deemed required, said conclusions of law are denied and strict proof thereof is demanded at trial.

10. Any and all factual averments of a dangerous, defective, hazardous and unsafe condition contained in Paragraph 10 of Plaintiffs' Complaint are denied. By way of further answer, to the extent Paragraph 10 of Plaintiffs' Complaint contains conclusions of law, no responsive pleading is required. To the extent a responsive pleading may be deemed required, said conclusions of law are denied and strict proof thereof is demanded at trial.

11. Any and all factual averments of a dangerous, defective, hazardous and unsafe condition contained in Paragraph 11 of Plaintiffs' Complaint are denied. By way of further answer, to the extent Paragraph 11 of Plaintiffs' Complaint contains conclusions of law, no responsive pleading is required. To the extent a responsive pleading may be deemed required, said conclusions of law are denied and strict proof thereof is demanded at trial.

12. After reasonable investigation, Speedway LLC is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 12 of Plaintiffs' Complaint, including subparagraphs a. through s., concerning Plaintiff's alleged injuries and damages; therefore, same are deemed denied and strict proof thereof is demanded at trial. By way of further answer, to the extent Paragraph 12 of Plaintiffs' Complaint, including subparagraphs a. through s., attempts to assert factual averments that the alleged injures and damages were as the direct and proximate result of any negligent conduct on behalf of Speedway LLC, said factual averments are denied. By way of further answer, to the extent Paragraph 12, including subparagraphs a. through s., of Plaintiffs' Complaint asserts conclusions of law, no responsive pleading is required. To the extent a responsive pleading may be deemed required, said conclusions of law are denied and strict proof thereof is demanded at trial.

13. After reasonable investigation, Speedway LLC is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 13

of Plaintiffs' Complaint, including subparagraphs a. through j., concerning Plaintiff's alleged injuries and damages; therefore, same are deemed denied and strict proof thereof is demanded at trial. By way of further answer, to the extent Paragraph 13 of Plaintiffs' Complaint, including subparagraphs a. through j., attempts to assert factual averments that the alleged injures and damages were as the direct and proximate result of any negligent conduct on behalf of Speedway LLC, said factual averments are denied. By way of further answer, to the extent Paragraph 13, including subparagraphs a. through j., of Plaintiffs' Complaint asserts conclusions of law, no responsive pleading is required. To the extent a responsive pleading may be deemed required, said conclusions of law are denied and strict proof thereof is demanded at trial.

## COUNT I
*Plaintiff v. Defendant*
**Negligence**

14. Paragraph 14 of Plaintiffs' Complaint is an incorporation paragraph, and in response thereto, Speedway LLC incorporates Paragraph 1 through 13 above, as if fully set forth herein at length.

15. Any and all factual averments of negligent conduct on the part of Speedway LLC contained in Paragraph 15, including subparagraphs a. through i., of Plaintiffs' Complaint are denied. By way of further answer, to the extent Paragraph 15 of Plaintiffs' Complaint, including subparagraphs a. through i., asserts conclusions of law, no responsive pleading is required. To the extent a responsive pleading may be deemed required, said conclusions of law are denied and strict proof thereof is demanded at trial.

WHEREFORE, Defendant, Speedway LLC, demands judgment in its favor and against Plaintiff, together with attorney's fees, costs, and other amounts the Court deems necessary and proper.

## COUNT II
### *Plaintiff-Wife v. Defendant*
### Loss of Consortium

16. Paragraph 16 of Plaintiffs' Complaint is an incorporation paragraph, and in response thereto, Speedway LLC incorporates Paragraph 1 through 15 above, as if fully set forth herein at length.

17. After reasonable investigation, Speedway LLC is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 17 of Plaintiffs' Complaint, including subparagraphs a. and b., concerning Plaintiff-Wife's alleged damages; therefore, same are deemed denied and strict proof thereof is demanded at trial. By way of further answer, to the extent Paragraph 17 of Plaintiffs' Complaint, including subparagraphs a. and b., attempts to assert factual averments that the alleged damages were as the direct and proximate result of any negligent conduct on behalf of Speedway LLC, said factual averments are denied. By way of further answer, to the extent Paragraph 17, including subparagraphs a. and b., of Plaintiffs' Complaint asserts conclusions of law, no responsive pleading is required. To the extent a responsive pleading may be deemed required, said conclusions of law are denied and strict proof thereof is demanded at trial.

WHEREFORE, Defendant, Speedway LLC, demands judgment in its favor and against Plaintiff, together with attorney's fees, costs, and other amounts the Court deems necessary and proper.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted as to Defendant.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited to, barred by, and subject to the Pennsylvania Comparative Negligence Act 42 Pa.C.S.A. §7102 *et seq.*

## THIRD AFFIRMATIVE DEFENSE

Speedway LLC pleads the affirmative defenses of assumption of the risk, comparative negligence, and contributory negligence.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that may be revealed in discovery, Speedway LLC raises as an affirmative defense the statute of limitations applicable to actions for recovery for personal injury/negligence.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by Plaintiff-husband's own contributory negligence, recklessness, and/or carelessness, in general, and in the following particulars:

    a.    In failing to see what was there to be seen;

    b.    In failing to act in due care and caution for his own safety;

    c.    In failing to anticipate and/or avoid a known and/or obvious danger;

    d.    In failing to wear proper footwear; and

    e.    In failing to anticipate and adapt to weather conditions.

## SIXTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Plaintiff was fully aware of his surroundings and, to the extent any condition existed, such condition, if any, was visible and/or open and obvious to Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

Any injuries, losses, and/or damages allegedly sustained by Plaintiff, which injuries, losses, and/or damages are denied, are not the result of any action and/or inaction of Speedway LLC but rather of other persons, including Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

The actions and/or inactions of Plaintiff was the sole cause or, in the alternative, the intervening and/or superseding cause of the incident and all alleged injuries and/or damages in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries and/or damages were pre-existing in nature and did not result from any alleged actions and/or inaction of Speedway LLC.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate his injuries and/or damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff has received payment or entered into any release agreement for any alleged injuries, damages, or losses, Plaintiff is prohibited from pleading, proving, and/or recovering herein for any such injury, damage, or losses based on the defenses of set-off and/or release.

WHEREFORE, Defendant, Speedway LLC, demands judgment in its favor and against Plaintiffs, together with attorney's fees, costs, and other amounts the Court deems necessary and proper.

**JURY TRIAL IS DEMANDED.**

Respectfully submitted,

THOMAS, THOMAS & HAFER LLP

Date:  11/5/2018           BY:   */s/ Rebecca Sember Izsak*
REBECCA SEMBER IZSAK, ESQUIRE
PA ID No. 74584
rsember@tthlaw.com
525 William Penn Place
37th Floor, Suite 3750
Pittsburgh, PA  15219
(412) 697-7403
(412) 697-7407 – Facsimile

*Counsel for the Defendant*